1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF CALIFORNIA
8

9   DALE DUGGER,                          )
              Petitioner,                 )        CASE NO.    2:07-cv-2674 BJR
                                          )
10       v.                               )
                                          )        ORDER GRANTING IN PART AND
11  WILLIAM WIENER, et al.,               )        DENYING IN PART MOTION FOR A
              Respondent.                 )        CERTIFICATE OF APPEALABILITY
12
    _____
13

14
         Before the court is Petitioner Dale Dugger's Motion for a Certificate of Appealability.
15
    The court, having reviewed the relevant documents and being fully informed, finds and rules as
16
    follows:
17

18                                    INTRODUCTION

19       Mr. Dugger is a California state parolee. He filed an application for a writ of habeas

20  corpus challenging his 2005 conviction on charges of resisting arrest and attempting to inflict

21  injury on a peace officer in the performance of his duty. This court denied the petition on

22  December 9, 2010. Petitioner now moves for a certificate of appealability pursuant to 28 U.S.C.

23  § 2253. He seeks certification on the following issues, whether: (1) Petitioner was denied the

24  right to present a complete defense in violation of the Sixth and Fourteenth Amendments; (2) the

25

1

prosecutor committed prejudicial misconduct; and (3) the trial court committed prejudicial error

in failing to instruct the jury on specific intent.

ANALYSIS

A certificate of appealability is authorized, "if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. (c)(2). To meet this standard, a

petitioner must show that the issues are debatable among reasonable jurists or that the questions

are adequate to deserve encouragement to proceed further. *Hayward v. Marshall*, 603 F.3d 546,

554 (9th Cir. 2010) (en banc, abrogated on other grounds by *Swarthout v. Cooke*, 131 S.Ct. 859

(Jan. 24, 2011) (per curiam)). Courts "must be careful to avoid conflating the standard for

permission to appeal with the standard for obtaining a writ of habeas corpus." *Lambright v.

Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000). "[O]bviously the petitioner need not show that he

should prevail on the merits since he has already failed in the endeavor." *Barefoot v. Estelle*, 463

U.S. 880, 893 n. 4 (1983) (internal quotation marks and citations omitted) (superseded on other

grounds by 28 U.S.C. § 2253(c)(2)). "Indeed, a claim can be debatable even though every jurist

of reason might agree, after the [certificate of appealability] has been granted and the case has

received full consideration, that [the] petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S.

322, 338 (2003).

Mr. Dugger argued in his habeas petition that the trial court's exclusion of certain witness

testimony denied him his right to "present a complete defense." Dkt. No. 33 at 4. Mr. Dugger

sought to present evidence of the arresting rangers' alleged reputation for singling out and

harassing homeless individuals, pursuant to California Evidence Code § 1103. The trial court

conducted a Section 402 hearing to determine the admissibility of the evidence, and at the

conclusion of the hearing, concluded that the evidence was "barely relevant, if that, and if it's

relevant, I find it to be so attenuated and unhelpful and time consuming that I would exclude it under [California Evidence Code §] 352." Dkt. No. 27, Lod. Doc. 1, Opinion of the Court of Appeal, Third Appellate District, at 13 -18. The Appellate Court affirmed the trial court's decision to exclude the evidence. *Id*. at 18.

On review, this court held that the exclusion of the evidence under California Evidence Code § 352 was not an unreasonable application of clearly established federal law, noting that as a federal habeas court, this court is not at liberty to review the state courts decisions on matters of admissibility of evidence under state rules. *See* Dkt. No. 30 at 10 citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner argues that this court should have looked beyond the state courts' characterization of the proposed evidence and analyzed whether its exclusion violated his constitutionally protected right to present a complete defense.

Supreme Court precedent dictates that a criminal defendant has a right to present evidence in support of his defense. S*ee e.g. Chambers v. Mississippi*, 410 U.S. 284 (1973) (holding that defendant was denied a fair trial when the state's evidentiary rules prevented him from calling witnesses who would have testified that another witness made trustworthy, inculpatory statements on the night of the crime); *Rock v. Arkansas*, 483 U.S. 44, 56-62 (1987) (Arkansas' per se rule excluding all hypnotically enhanced testimony was unconstitutional when used to restrict defendant's right to testify). The common thread running through these cases is that "states may not impede a defendant's right to put on a defense by imposing mechanistic...or arbitrary...rules of evidence." *LaGrand v. Stewart*, 133 F.3d 1253, 1266 (9th Cir.), *cert. denied*, 525 U.S. 971 (1998).

Such is not the case here. The trial court concluded, after the Section 402 hearing, that the proposed testimony was "barely relevant," "attenuated," "unhelpful," "time consuming," and that

1
2
3
4
5
6
7
8
9
10
11
12

its probative value was substantially outweighed by the probability that its admission would

necessitate undue consumption of time. (*See* Dkt. No. 25, 1RT 70-71.). "[T]he Constitution

leaves to the judges who must make [decisions regarding the admissibility of evidence] 'wide

latitude' to exclude evidence that is 'repetitive..., only marginally relevant'...[the Court has]

never questioned the power of the States to exclude evidence through the application of

evidentiary rules that themselves serve the interests of fairness and reliability—even if the

defendant would prefer to see that evidence admitted." *Crane v. Kentucky*, 476 U.S. 683, 689-90

(1986) (citations omitted); *see also, Montana v. Egelhoff*, 518 U.S. 37, 42 (1996) (defendant does

not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise

inadmissible under standard rules of evidence; the exclusion of evidence does not violate the Due

Process Clause unless it offends some fundamental principle of justice).

13
14
15
16
17
18
19

In denying the habeas petition, this court found that the trial court's decision to exclude

the reputation evidence pursuant to Section 352 had ample support in the record. Nevertheless,

the court finds that Mr. Dugger has raised a colorable, non-frivolous, constitutional argument

with respect to whether the trial court erred in excluding the reputation evidence and the jury was

not given an accurate picture of incident between the rangers and Mr. Dugger. Accordingly, the

court will issue a certificate of appealability on this issue.

20
21
22
23
24
25

Next Mr. Dugger contends that this court erred in holding that the prosecutor's

misstatement of evidence to the jury constituted harmless error. At trial the rangers testified that

they were patrolling the bike trial on the evening of the incident in response to complaints they

had received from bicycle commuters. The complaints did not specifically reference Mr. Dugger.

However, during closing arguments, the prosecutor argued that the rangers were patrolling the

area in response to complaints specifically about Mr. Dugger. Defense objected and the trial

4

court issued an immediate admonition and later instructed the jury that statements by counsel are not evidence.

Relying on *Darden v. Wainwright*, 477 U.S. 168 (1986), the appellate court concluded that the challenged statement did not establish a pattern that "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Dkt. No. 27, Opinion of the Court of Appeal at 24. In his habeas petition, Mr. Dugger argued that the appellate court misstated the rule of *Darden*, arguing that the Supreme Court does not require a pattern of misconduct. After reviewing the record, including the closing arguments, this court rejected Mr. Dugger's argument and instead held that the appellate court's reject of prosecutorial misconduct claim was neither contrary to nor an unreasonable application of controlling principles of federal law. The statement was brief, not repeated, and immediately followed by an admonition from the court. This court finds that reasonable jurist could not find this determination debatable. Accordingly, a certificate of appealability will not issue on this claim.

Mr. Dugger's final argument is that the trial court's failure to instruct the jury on specific intent deprived him of a jury finding on an essential element of the crime for which he was convicted. Mr. Dugger was charged with unlawfully attempting by means of threats and violence to deter and prevent the rangers from performing their duties and knowingly resisting by the use of force and violence in violation of California Penal Code § 69. The trial court instructed the jury on the first prong of section 69 (attempt) but failed to instruct on the second prong (resisting). The appellate court held that the trial court erred in failing to instruct on specific intent, but concluded that the error was harmless because the record showed that the prosecution relied on evidence that Mr. Dugger actually resisted the rangers in violation of the second prong of section 69 (requiring only general intent). *See* Dkt. No. 27, Lod. Doc. 1, Opinion of the Court

5

of Appeal, at 31-35. On habeas review, this court rejected Mr. Dugger's claim, noting that the

appellate court's interpretation of section 69 is binding on this court. In order to find for Mr.

Dugger on this claim, this court would have had to disagree with the appellate court's

determination on a question of state law: namely, that there are two separate prongs defining a

violation of section 69, and two different corresponding *mens rea* elements associated with each

prong. That is something that this court cannot do on federal habeas review. Accordingly, Mr.

Dugger has failed to make a substantial showing of the denial of a constitutional right and a

certificate of appealability will not issue on this claim.

CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that the request for a certificate of

appealability is GRANTED on Petitioner's first claim and DENIED on the remaining two

claims.

DATED this 6th day of June, 2011.


                                        /s/ Barbara Jacobs Rothstein

                                        Barbara Jacobs Rothstein
                                        U.S. District Court Judge